UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RAYMOND DICKERSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 1:11CV188 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1], and Movant's Supplemental Motion to Vacate, Set Aside or Correct Sentence, . Pursuant to this Court's Order, the government has responded to the motion to vacate. On March 5, 2013, the Court conducted a hearing with respect to Movant's claim that he asked counsel to file a notice of appeal and that counsel did not do so. For the reasons set forth below, the Motion is denied.

## **Movant's Claims**

Movant makes the following claims in his Motion:

**Ground One**: Ineffective assistance of counsel-failure to file a notice of appeal when directed to do so by Movant.

**Ground Two:** Ineffective assistance of counsel-failure to object to ACCA

Enhancement based on 1984 conviction for Unlawful use of a weapon.

**Ground Three:** Ineffective assistance of counsel-failing to object to predicate convictions under one-year time served.

**Supplemental Motion:** Ineffective Assistance of counsel in not investigating the search of his home.

Ineffective Assistance of Counsel-attorney failed to investigate prior enhancements resulting in upward departure of sentencing resulting in being declared armed career criminal.

## Facts and Background

On January 21, 2010, Movant was indicted by a federal grand jury which charged Movant with felon in possession of a firearm. Movant plead guilty, pursuant to a written plea agreement on July 19, 2010. In the plea agreement, Movant admitted that he was an armed career criminal and that he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

> (1) On or about February 7, 1984, in the Circuit Court of the City of St. Louis, Missouri, in Case No. 831-01761, of the violent felony of Unlawful Use of a Weapon (Exhibiting);
>
> (2) On or about September 9, 1994, in the Circuit Court of the City of St. Louis, Missouri, in Case No. 941-00235(K), of the violent felony of Robbery in the Second Degree; and,
> (3) On or about November 7, 2001, in the Circuit Court of Butler

County, Missouri, in Case No. CR301-1140FX, of the violent felony of Assault in the Second Degree.

Movant also agreed that his offense of conviction carried a minimum sentence of 15 years imprisonment.

A presentence investigation report was prepared, as ordered by the Court.

The Court sentenced Movant to 180 months incarceration. Movant did not appeal his conviction, judgment or sentence.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised

collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255).  Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the

case, no evidentiary hearing will be necessary.

## Discussion

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as

the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir.

2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Grounds One**

Movant argues that counsel was ineffective in failing to file a notice of appeal when he asked him to do so. At the hearing, the Court heard testimony from Movant and his attorney. The Court observed the witnesses' demeanor and recollection of the events after sentencing. Furthermore, counsel is an Assistant Public Defender with nothing to gain from not filing a notice when asked to do so by his clients; Movant has more to gain by claiming he asked his lawyer to file a notice of appeal. Counsel's testimony was more credible than Movant's. Indeed, considering the appeal waiver Movant agreed to in the plea agreement, Movant's attempt to persuade the Court that he asked his lawyer to file a notice of appeal is unpersuasive.

**Grounds Two and Three**

Movant argues that counsel failed to object to his classification as an armed career criminal. Movant was convicted of Burglary in the Second Degree on April 7, 1971; Burglary in the Second Degree on February 26, 1976; Robbery in the First Degree for which he was sentenced to 5 years on April 6, 1977; Assault in the Second Degree, for which he was sentenced to 120 days in jail on December 21, 1979; Unlawful use of a weapon-exhibiting, a sentence of three years incarceration being imposed on February 27, 1984; Robbery in the Second Degree, for which Movant was sentence to ten years on September 9, 1994, with a suspended sentence and two years probation; Assault in the Second Degree for which Movant was sentenced to six months incarceration on November 7, 2001.

Movant raised no objections to the enhancement to level VI for being an armed career criminal. Movant raised no objections at sentencing. Movant's guideline range was 180-188 months. The Court sentenced him to 180 months. While Movant contends that two of the convictions should not count in the ACCA analysis because of the time he was sentenced, as the Government correctly argues, Movant's record provides more than ample bases for which the Court found him to be a career criminal.

Movant argues that counsel was ineffective for failing to investigate the search of his home, giving rise to the discovery of the firearm. Movant alleges that the official police records which led to an arrest and search which ultimately led to the discovery of the prohibited firearms was conducted by a police search that entailed open trickery.

During the course of the plea agreement, Movant admitted that counsel did everything he had asked and there was nothing that he wanted counsel to do that he didn't do. Moreover, in the plea agreement and in Court under oath, Movant admitted that he was fully satisfied with the work counsel had performed. Movant cannot now claim counsel did not perform adequate representation for failing to investigate.

With respect to Movant's claim that counsel was ineffective for failing to investigate prior to enhancement. Even *if* Movant could establish this claim, and even *if* the claim could in some way demonstrate that failure to do so constitutes a falling below an objective standard of reasonableness, Movant can show no prejudice. Movant's criminal record establishes more than the requisite violent crimes to classify him as an armed career criminal. As such, the supplemental motion is meritless

**Conclusion**

Based upon the foregoing analysis, Movant's claims of ineffective assistance of counsel fail to afford him relief.

**Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], and the supplement thereto, are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 14th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE